Long X. Do (SBN 211439)
ATHENE LAW, LLP
5432 Geary Blvd. #200
San Francisco, California 94121
Telephone: (415) 686-7531
long@athenelaw.com

Eric D. Chan (SBN 253082)
ATHENE LAW, LLP
10866 Washington Blvd., #142
Culver City, California 90232
Telephone: (310) 913-4013
eric@athenelaw.com

*Attorneys for California Medical Association*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HALOMD, LLC; ALLA LAROQUE; SCOTT LAROQUE; MPOWERHEALTH PRACTICE MANAGEMENT, LLC; BRUIN NEUROPHYSIOLOGY, P.C.; iNEUROLOGY, PC; N EXPRESS, PC; NORTH AMERICAN NEUROLOGICAL ASSOCIATES, PC; SOUND PHYSICIANS EMERGENCY MEDICINE OF SOUTHERN CALIFORNIA, P.C.; and SOUND PHYSICIANS ANESTHESIOLOGY OF CALIFORNIA, P.C.,<br><br>Defendants. | Case no. 25-cv-1467-KES<br><br>**APPLICATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY THE CALIFORNIA MEDICAL ASSOCIATION IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND SPECIAL MOTION TO STRIKE**<br><br>Filed/Lodged Concurrently with:<br>1. Long X. Do Declaration in support of Application for Leave to File Amicus Curiae Brief;<br>2. [Proposed] Order Granting Motion for Administrative Relief for Leave to File Amicus Curiae Brief<br>3. [Proposed] Amicus Curiae Brief<br><br>Judge:  Hon. Karen E. Scott |

By this application, the California Medical Association ("CMA") respectfully requests leave of court to file an amicus curiae brief in the above-captioned action in support of the defendants' motions to dismiss [dkt. 69, 73, 76] and special motion to strike pursuant to California's anti-SLAPP statute [dkt. 78].

As detailed in the declaration of Long X. Do ("Do Decl."), filed concurrently herewith, counsel for the parties in this action have been notified of CMA's application. Do Decl. ¶2. All the defendants consent to the filing of CMA's proposed amicus curiae brief. *Id.* ¶3. Counsel for the plaintiffs Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California (collectively, "Anthem") indicated that they do not consent. *Id.* ¶4.

## INTERESTS OF THE PROPOSED AMICUS CURIAE

CMA is a non-profit, incorporated professional physician association of over 45,000 members, who collectively practice medicine in all modes and specialties throughout California. CMA's primary purposes are "to promote the science and art of medicine, the care and well-being of patients, the protection of public health, and the betterment of the medical profession."

CMA was directly involved in the legislative debates leading to the passage of the No Surprises Act ("NSA"). It also was part of coalitions that filed amicus curiae briefs in numerous cases discussing the purpose of the NSA, the NSA's independent dispute resolution ("IDR") process, and the regulations that sought to implement the statute, including: *Texas Med. Ass'n v. U.S. HHS*, 110 F.4th 762 (5th Cir. 2024) (*TMA II*); *Tex. Med. Ass'n v. U.S. HHS*, 120 F.4th 494 (5th Cir. 2024) (*TMA III*), *vac'd and rehr'g granted by en banc*; *Tex. Med. Ass'n v. U.S. HHS*, 2023 WL 5489028 (E.D. Tex., Aug. 24, 2023), *rev'd in part, aff'd in part*, 120 F.4th 494; *Tex. Med. Ass'n v. U.S. HHS*, 654 F. Supp. 3d 575 (E.D. Tex. 2023), *aff'd* 110 F. 4th 762 (5th Cir. 2024); *Tex. Med. Ass'n v. U.S. HHS*, 587 F. Supp. 3d 528 (E.D. Tex. 2022) (*TMA I*); and *Ass'n of Air Med. Servs. v. U.S. HHS*, 2023 WL 5094881

(D.D.C. Aug. 4, 2023). Although not related to the NSA, CMA has successfully filed an amicus brief in this Court in a case before Judge Jesus G. Bernal. *See Jacqueline Palmer v. Rob Bonta et al.*, case no. 23-cv-1047-JGB-SP (C.D. Cal.) [dkt. 33 and 86].

CMA has a strong interest in ensuring that the NSA is enforced and interpreted in strict accordance with its statutory text. CMA and its members also have a strong interest in the IDR process as established in the NSA is fully realized.

## HOW CMA CAN ASSIST THE COURT

There is no rule governing the appearance of an amicus curiae in the district courts. Nevertheless, "[d]istrict courts have inherent authority to appoint or deny amici" as derived from Federal Rules of Appellate Procedure ("FRAP"), rule 29. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal quotations omitted). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted). Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely and useful or otherwise necessary to the administration of justice." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).

While the FRAP does not apply in this Court, the proposed amicus brief does conform to the length and other substantive requirements of rule 29. That is, CMA's proposed amicus brief would be filed after the principal brief of the parties being supported and one month prior to the filing of Anthem's opposing brief(s) on the merits. CMA's proposed amicus brief is less than 3,500 words, which is half the

length permitted for the parties' merits briefing under Civil Local Rule 11-6.1. Finally, CMA's proposed amicus brief includes a statement disclaiming support or involvement from any party or party's counsel in the preparation or drafting of the brief. *See* FRAP, rule 29(a)(4)(E).

Based on CMA's review of Anthem's First Amended Complaint [Dkt. #50] and the briefs surrounding the defendants' motions, CMA believes it offers a perspective that can help the Court to understand the history, purposes, and implementation of the IDR process under the NSA. These are issues squarely germane to Anthem's allegations and the defendants' motions. Specifically, Anthem attempts to depict an IDR process that is seriously flawed or that yields unfair results in resolving OON disputes. However, the IDR process that Anthem has gone through and now challenges is consistent with the NSA's language. An open-ended IDR process whereby arbitrators choose one or the other "offer" is exactly how Congress designed it. In other words, a broader understanding of the purpose of IDR as it was debated and compromised over before Congress can better shed light in understanding the practical implications of Anthem's legal claims.

## CONCLUSION

For the foregoing reasons, CMA respectfully urges the Court to GRANT its application for leave to file an amicus curiae brief and thereupon order that the proposed amicus curiae brief filed concurrently herewith be filed in this action.

Respectfully submitted,

ATHENE LAW, LLP

Dated:  December 31, 2025

*/s/ Long X. Do*
LONG X. DO
*Attorneys for California Medical Association*