TROUTMAN PEPPER LOCKE LLP
Jessamyn E. Vedro (SBN 280209)
jessamyn.vedro@troutman.com
350 South Grand Ave, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

Ryan C. Temme (*pro hac vice* forthcoming)
Seth T. Perretta (*pro hac vice* forthcoming)
Elizabeth Loh (*pro hac vice* forthcoming)
**Groom Law Group, Chartered**
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel: (202) 867-0620
Fax: (202) 659-4503
sperretta@groom.com
rtemme@groom.com
eloh@groom.com

*Counsel for American Benefits Council, ERISA
Industry Committee & Business Group on
Health*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY,
a California corporation; and BLUE
CROSS OF CALIFORNIA DBA
ANTHEM BLUE CROSS, a California
corporation,

                    Plaintiffs,

vs.

HALOMD, LLC, et al.,

                    Defendants.

Case No.: 8:25-cv-01467-KES

Assigned to: Hon. Karen E. Scott

**APPLICATION FOR LEAVE TO
FILE AMICUS CURIAE BRIEF BY
THE AMERICAN BENEFITS
COUNCIL, THE ERISA INDUSTRY
COMMITTEE, & THE BUSINESS
GROUP ON HEALTH IN
OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS AND
SPECIAL MOTION TO STRIKE**

Filed/Lodged Concurrently with:
1. [Proposed] Order Granting Motion for Administrative Relief for Leave to File Amicus Curiae Brief

By this application, the American Benefits Council ("Council"), the ERISA Industry Committee ("ERIC"), and the Business Group on Health respectfully requests leave of court to file an amicus curiae brief in the above-captioned action in opposition of the defendants' motions to dismiss [Dkts. 69, 73, 76] and special motion to strike pursuant to California's anti-SLAPP statute [Dkt. 78].

Counsel for the parties in this action have been notified of the Council and ERIC's application. All the Defendants consent to the filing of the proposed amicus curiae brief. Counsel for the plaintiffs Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California (collectively, "Anthem") indicate that they consent as well.

## INTERESTS OF THE PROPOSED AMICUS CURIAE

The Council is a national non-profit organization dedicated to protecting and fostering privately sponsored employee benefit plans. The Council regularly participates as amicus curiae in cases affecting employee benefits. ERIC is a national non-profit business trade association representing approximately 100 of the nation's largest employers in their capacity as sponsors of employee benefit plans for their workers, retirees, and families. ERIC frequently participates as amicus curiae in cases that have the potential for far-reaching effects on employee benefit plan design or administration. The Business Group on Health is a non-profit organization that represents large employers on health and benefits.

Altogether, the Council, ERIC, and the Business Group on Health consist of members that include thousands of employers that offer or administer the health benefits of millions of Americans. As a result, the Council, ERIC, and the Business

Group on Health have a strong interest in the No Surprises Act ("NSA") and its effect on the cost of providing health coverage. Collectively, the Council, ERIC, and Business Group on Health have played an integral role in the development of a federal solution to the surprise balance bills. In the adoption and implementation of the NSA, the Council, ERIC, and the Business Group on Health have been strong advocates for patients and employers alike in protecting patients from ruinous medical costs while driving down health care costs.

## HOW COUNCIL, ERIC, AND BUSINESS GROUP ON HEALTH CAN ASSIST THE COURT

There is no rule governing the appearance of an amicus curiae in the district courts. Nevertheless, "a federal district court possesses the inherent authority to appoint an amicus curiae to assist the court in its proceedings," as derived from Federal Rules of Appellate Procedure ("FRAP"), rule 29. *United States v. State of Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely, useful or otherwise necessary to the administration of justice." *United States v. State of Mich.,* 940 F.2d 143, 165 (6th Cir. 1991).

While the FRAP does not apply in this Court, the proposed amicus brief does conform to the length and other substantive requirements of rule 29. That is, the proposed amicus brief would be filed after the principal brief of the parties being supported. The proposed amicus brief is 3,500 words, which is the length permitted for the parties' merits briefing under Civil Local Rule 11-6.1.

Finally, the proposed amicus brief includes a statement disclaiming support or involvement from any party or party's counsel in the preparation or drafting of the brief. See FRAP, rule 29(a)(4)(E).

Based on review of Anthem's First Amended Complaint [Dkt. 50], the briefs surrounding the defendants' motions, and Anthem's responses to the motions, the Council, ERIC, and the Business Group on Health believe they can offer perspective from plans and enrollees on the significant, negative, and costly impacts of the fraud and abuse resulting from the NSA's independent dispute resolution process. This is an issue germane to Anthem's allegations and the defendants' motions.

## CONCLUSION

For the foregoing reasons, the Council, and the Business Group on Health respectfully urges the Court to GRANT its application for leave to file an amicus curiae brief and thereupon order that the proposed amicus curiae brief, attached hereto as **Exhibit A**, be filed in this action.

Dated:      February 6, 2026               TROUTMAN PEPPER LOCKE LLP


                                           By:  /s/ Jessamyn E. Vedro
                                              Jessamyn E. Vedro


Dated:      February 6, 2026               GROOM LAW GROUP,
                                           CHARTERED


                                           By:  /s/ Ryan C. Temme
                                              Ryan C. Temme
                                              Seth T. Perretta
                                              Elizabeth Loh
                                              *Counsel for American Benefits
                                              Council, ERISA Industry Committee
                                              & Business Group on Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2026, a copy of the foregoing **APPLICATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY THE AMERICAN BENEFITS COUNCIL, THE ERISA INDUSTRY COMMITTEE, & THE BUSINESS GROUP ON HEALTH IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND SPECIAL MOTION TO STRIKE** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Jessamyn E. Vedro*
Jessamyn E. Vedro